**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **THOMAS LEE CANTY, JR,** | **:** | |
| | **:** | |
| **Petitioner,** | **:** | |
| **v.** | **:** | **Case No. 5:26-cv-109-MTT-CHW** |
| | **:** | |
| **BRIAN MIMS,** | **:** | |
| | **:** | |
| **Respondent.** | **:** | |
| _____ | **:** | |

**ORDER**

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by *pro se* Petitioner Thomas Lee Canty, Jr., an inmate in the Smith State Prison in Glennville, Georgia (ECF No. 1). Petitioner is challenging his May 17, 2018, conviction in the Superior Court of Washington County, Georgia, under Case Numbers 18CR4 and 18CR40 for armed robbery, possession of a firearm by a convicted felon, aggravated assault, and possession of marijuana with intent to distribute. ECF No. 1 at 1. Petitioner has also filed a motion for appointed counsel (ECF No. 4).

To the extent Petitioner seeks appointed counsel, there is generally no right to legal representation in a federal habeas corpus case. *See, e.g., Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel in a § 2254 proceeding is instead proper "[i]f an evidentiary hearing is warranted," if counsel is "necessary for effective discovery," or "if the interests of justice so require." Rules 6(a) & 8(c) of the Rules Governing § 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). This Court is not yet able to determine whether counsel needs to be appointed in this case. However, if it becomes apparent at some point later in these

proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion for counsel.   Until then, Petitioner's request for appointed counsel is **DENIED**.

It is now **ORDERED** that, within thirty (30) days of the date of this Order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the initial petition.   If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the initial petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.   Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.   Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.   Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination

2

of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall also be served by the Clerk by U.S. mail upon Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change in his mailing address may result in the dismissal of this action.

**SO ORDERED**, this 29th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge